562 So.2d 61 (1990)
Carter GASTON, III
v.
STATE of Mississippi.
No. 07-KA-59322.
Supreme Court of Mississippi.
April 18, 1990.
Rehearing Denied May 23, 1990.
A. Lee Abraham, Jr., Preston Davis Rideout, Jr., Abraham & Rideout, Greenwood, for appellant.
Mike C. Moore, Atty. Gen., Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
Carter Gaston, III, owned and operated the Westside Beer Barn in Greenwood, Leflore County, Mississippi.
On April 15, 1983, Ollie White, an undercover police officer, and Otha Cole, a confidential informant, went to the Beer Barn to purchase some marijuana from Gaston.
At Cole's request, Gaston left the premises of the Beer Barn for about five to ten minutes and returned with some marijuana. When Gaston returned Cole pointed to White indicating that White would be the one buying the marijuana. Gaston sold an ounce to White for Sixty Dollars ($60.00) in a bathroom outside the bar. Cole did not participate in the transaction. Cole stayed out in the bar at a gambling table. White had a body microphone concealed on his person which recorded the transaction. White put the marijuana in his coat pocket, and when he returned to the Bureau of Narcotics' Office, the marijuana was turned over to Mr. Richard Oaks. White made some handwritten notes concerning the transaction that night and also filed a written report.
Cole had known Gaston for almost twenty years because both had been brick layers in their previous occupations. Cole has had several convictions for simple assault, and was also in trouble with the Alcohol Beverage Control for possession and sale of untaxed whiskey. Cole attempted to *62 bribe David Wilson, an officer of the Alcohol Beverage Control and was charged with bribery of a State Officer. These charges were "passed to the files" because Cole was asked to assist the police in exchange for that favor from law enforcement. Cole is the one who gave the Bureau of Narcotics Gaston's name.
On April 4th, Cole talked with defense counsel, Lee Abraham. At this juncture it is helpful to know that Gaston had been tried and convicted for sale of marijuana which occurred on May 20, 1983. That conviction was appealed to this Court and affirmed in Gaston v. State, 511 So.2d 1390 (Miss. 1987). Gaston had also been tried in 1984 for this sale, of April 15, 1983, and that trial ended in a mistrial. This is the second trial of the charge which originated from the events on April 15, 1983.
At this second trial, on cross-examination, Otha Cole stated that the story he told Abraham was completely different than what he had testified to at the trial, but he went on to say that everything he told defense counsel was the truth because he was talking about the sale of marijuana on May 20, and not the sale of April 15.
Mr. Abraham was called as a witness on behalf of the defense, and he was the attorney of record defending Gaston. The trial judge expressed concern about an attorney testifying in a case in which he is appearing as attorney of record. Mr. Abraham's testimony was therefore withdrawn by the defense.
Mr. Abraham, however, did testify during the defense's motion for a new trial. His testimony was transcribed for the record, and it concerned the interview he had with Otha Cole prior to trial on April 4, 1985. Mr. Abraham testified that Cole had told him a different date for the purported sale of marijuana than the one he testified to at this trial. At trial Cole testified the date to be April 15th, but in the office of Mr. Abraham, he stated the date to be May 20th.
Cole was cross-examined extensively about this discrepancy during the trial. Cole testified at trial that he told Mr. Abraham about the circumstances of the previous conviction dealing with a May 20th sale. Mr. Abraham apparently was fully aware that Gaston had been tried and convicted for the sale of marijuana which took place on May 20th, for the record reflects that he filed a motion in limine attempting to get a continuance of this case until the May 20th sale appeal had been decided by this Court.
Gaston also testified during the new trial that Martha Brown, Willie Brown, and Patricia Walker all would testify that Cole had never been in Westside Beer Barn prior to May 20, 1983. These people are Gaston's employees who, he asserted would testify that they had never seen Cole in the bar. Gaston also said that he did not know the employees had never seen Cole in the bar until his trial was over.
At the conclusion of the trial, Gaston was convicted of sale of marijuana of less than one ounce and sentenced to three (3) years in the Mississippi Department of Corrections and fined $3,000.00.

I.

DID THE TRIAL COURT ERR IN REFUSING TO GRANT THE MOTION FOR NEW TRIAL ON THE FOLLOWING GROUNDS?

A.

RECENTLY DISCOVERED EVIDENCE THAT OTHA COLE COULD NOT HAVE BEEN IN THE WESTSIDE BEER BAR ON APRIL 15, 1983.

B.

RECENTLY DISCOVERED EVIDENCE THAT THE WITNESS, OLLIE WHITE WAS MISTAKEN IN HIS TESTIMONY THAT THE ACT OCCURRED ON APRIL 15, 1983, AS OPPOSED TO MAY 20, 1983.

C.

THAT THE EVIDENCE WAS CONTRARY TO THE WEIGHT OF THE CREDIBLE AND BELIEVABLE EVIDENCE.
*63 The thrust of Gaston's appeal is that the testimony of his three employees that Otha Cole was not in the bar on April 15th was newly discovered evidence; that Ollie White, the undercover police officer, had mistaken Gaston's partner, now deceased, for Gaston because they looked alike, was newly discovered evidence; and that because of these two pieces of newly discovered evidence the state's two witnesses were discredited and therefore, the evidence was insufficient to sustain a verdict against him.
Gaston would make the testimony of his three employees newly discovered evidence on the basis that on April 4, 1985, Otha Cole misrepresented to his lawyer that the offense concerned a May 20, 1983, incident.
Gaston also asserts that he is entitled to a new trial because of his own testimony during the motion hearing that, in his opinion, Ollie White mistakenly identified him as the one who sold him the marijuana on April 15, 1983. This opinion is based upon the fact that his former partner, the late Jim Holmes, Jr., was "... roughly around about the same weight and the same size and height and everything." Gaston argues that this fact could not have been discovered prior to trial.
Rule 5.16 of the Uniform Criminal Rules of Circuit Court provides in pertinent part as follows:
The court on written notice of the defendant may grant a new trial on any of the following grounds:
* * * * * *
(3) Where new and material evidence is recently discovered which would probably produce a different result at a new trial, and such evidence could not have been discovered sooner, by diligence of counsel. (Emphasis Added).
Shelby v. State, 402 So.2d 338, (Miss. 1981), sets out the requirements for a new trial and provides as follows:
The court must be satisfied that (1) the evidence came to the defendant's knowledge since trial, (2) the evidence could not have been discovered sooner by diligence, and (3) such evidence would probably produce a different result, if a new trial were granted. Stewart v. State, 203 Miss. 295, 33 So.2d 787 (1948).
Id. at 340-341.
The scope of our inquiry on appeal for a denial of a new trial on the grounds of newly discovered evidence is to determine whether the trial judge abused his discretion. Moore v. State, 508 So.2d 666 (Miss. 1987).
Gaston had been indicted twice by the June, 1983, Leflore County Grand Jury for (1) felonious sale of 26.4 grams of marijuana on May 20, 1983, and (2) felonious sale of 26.2 grams of marijuana on April 15, 1983. This trial was on the indictment for the April 15th sale of marijuana. It is very difficult to comprehend how Gaston did not and could not have known the date prior to trial because he was misled by the prosecution's witness. The indictment explicitly states that Gaston was indicted for the wilful and felonious sale of 26.2 grams of marijuana on April 15, 1983.
While Otha Cole may have deliberately lied to defense counsel at the meeting on April 4, defense counsel was already on notice that his client was charged with an act that occurred on April 15, 1983, and based on the indictment alone, a diligent investigation would have turned up the witnesses who were Gaston's employees on the night of April 15, 1983. By no stretch of the imagination could Gaston's opinion that the police officer had mistaken him for his former partner not been within Gaston's knowledge until after this trial and this opinion could hardly be considered newly discovered evidence.
Under these circumstances we are of the opinion that the trial judge did not abuse his discretion.
It follows from this conclusion that the jury had before it enough evidence to support a conviction and the assignment of error that the verdict is against the overwhelming weight of the evidence is without merit.

II.

DID THE TRIAL COURT ERR IN INTERRUPTING AND EXCLUDING THE *64 PROFFERED TESTIMONY OF MR. ABRAHAM?
This assignment is also based on the assertion that the prosecution's witness misled the defense about the date of the alleged sale of marijuana. Defense counsel attempted to testify at trial about what Otha Cole had told him in his office four days prior to trial. Gaston asserts that the trial court committed prejudicial error in excluding the testimony under § 26, Miss. Constitution 1890 which provides for compulsory process for obtaining witnesses. Clemons v. State, 470 So.2d 653, 655-656 (Miss. 1985).
That is the correct statement of the law but has nothing to do with the issue before us.
Mr. Abraham was sworn in and was being examined by co-counsel when the trial judge asked counsel to approach the bench. In chambers, outside the hearing of the jury, the judge stated that an attorney normally may not testify in a case he is involved in for ethical reasons, but noted that there were exceptions and he was willing to hear anything counsel had to offer. After a brief discussion, the testimony of Mr. Abraham was withdrawn and the state rested its case. The record provides as follows:
BY THE COURT: I was calling this to your attention, and thought that I was maybe being helpful in that maybe you had overlooked this.
BY MR. BURGOON: I may have, your Honor, therefore, I withdraw the testimony.

* * * * * *
BY MR. BURGOON: We will withdraw the testimony.

* * * * * *
BY MR. BURGOON: Your Honor, the defense will withdraw the testimony of Mr. Abraham. At this point, your Honor, the defense feels no need to call any further witnesses and it rests. (Emphasis Added).
Gaston argues that his attorney's testimony would have impeached the veracity of Otha Cole and not to allow it before the jury was reversible error.
We do not have to answer the question of how the jury may have weighed the evidence of the testimony of the confidential informant against the testimony of a member of the bar because the trial judge never refused to allow Mr. Abraham to testify. The testimony was withdrawn by defense counsel.
This being the case the trial judge can scarcely be held to be in error. There is no merit to this assignment of error.
CONVICTION OF SALE OF MARIJUANA OF LESS THAN ONE OUNCE AND SENTENCE OF THREE (3) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY A FINE OF $3,000.00 AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.