DIAZ, J.,
for the Court:
¶ 1. Lonnie Little appeals the decision of the Lowndes County Circuit Court convicting him of embezzlement. Little raises the following issues on appeal: (1) whether the trial court erred in accepting a guilty verdict from the jury when exculpatory evidence was withheld from the defense, (2) whether the trial court erred in overruling the amended motion for a new trial, or in the alternative, a judgment of acquittal which specifically addressed newly discovered evidence, and (3) whether the trial court erred in overruling the amended mo *488 tion for new trial, which questioned the State’s failure to exercise due diligence in complying with Uniform Circuit and County Court Rule 9.04(A). Finding these assignments of error meritorious, we reverse and remand for a new trial consistent with this opinion.
FACTS
¶ 2. Lonnie Little was indicted for embezzlement by the Lowndes County grand jury. After a trial in May of 1997, he was convicted and sentenced to serve six years in the Mississippi Department of Corrections, and to pay restitution in the amount of $251, and pay a fíne of $1000. However, that sentence was suspended, and Little was placed on probation under the supervision of the Mississippi Department of Corrections for a period of five years.
¶ 3. Newell Paper Company is a wholesale paper and janitorial supply company located in Lowndes County, Mississippi. It has twenty employees. At trial, the State alleged that Little embezzled $96,000 in cash from Newell before October 30, 1995. James Thompson was the president of Newell when Little was the operations manager. Little’s duties included checking the tickets and the cash coming in from the delivery people. Most of the sales to Newell’s customers were cash on delivery (COD) sales. The money collected by the drivers was turned over to Little, often on a daily basis.
¶ 4. Nine witnesses, including Thompson testified for the State during its case-in-chief. Thompson testified that a physical inventory conducted in November of 1994, revealed a shortage of greater that $100,-000. An internal investigation and an audit were conducted. Thompson testified that this audit was only conducted on cash money and that no checks were involved. Newell is a branch of the Jackson Paper Company. Robert Gathings, chief financial officer of Jackson Paper, testified that the company had not suffered an inventory shortage, but a cash shortage. Gathings testified that $97,000 was missing which was the total of all the missing invoice tickets.
¶ 5. Becky Honeycutt, the bookkeeper for Newell, testified that Little, to the exclusion of all others, handled the COD money. Honeycutt testified that at the time of the investigation she did not know how to delete tickets from the computer.
¶ 6. Mark Jones, the customer service representative at Newell, was supervised by Little. He stated that Little handled all of the COD money. Furthermore, Jones testified that he knew how to delete tickets from the computer.
¶ 7. At the close of the State’s case-in-chief, Little moved for a directed verdict based on a lack of weight and sufficiency to support a conviction for the crime of embezzlement. The trial court overruled the motion.
¶ 8. Little did not take the witness stand. Furthermore, he rested without putting on any evidence other than a joint stipulation of fact with the State. After deliberations, a unanimous jury found Little guilty of embezzlement.
¶ 9. At Little’s motion for a new trial, Alicia Hale, a former employee of Newell, testified that while she was in the witness room at trial, the State’s prosecutor asked if anybody other than Little could delete computer tickets. After she answered affirmatively, she stated that Thompson told her not to discuss that in court. After the trial, Hale contacted Little’s attorney with this information. At that point, Little learned from Hale of the existence of a cash receipts journal prepared by the bookkeeper that documented all cash receipts received by Newell.
¶ 10. Little issued a subpoena duces te-cum for production of the cash receipts journal. The State made a motion to quash the subpoena which was overruled after a hearing. The cash receipts journal was produced by court order and reflected that the bulk of the allegedly embezzled funds had been deposited to Newell’s ac *489 count. Feeling aggrieved, Little perfected this appeal.
DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN ACCEPTING A GUILTY VERDICT FROM THE JURY WHEN EXCULPATORY EVIDENCE WAS WITHHELD FROM THE DEFENSE
¶ 11. The Mississippi Supreme Court held that the purpose of discovery is to eliminate trial by ambush or surprise. Fuselier v. State, 468 So.2d 45, 56 (1985). The Mississippi and United States Constitutions also have been interpreted to hold that potentially exculpatory evidence in the possession of the prosecution - must be turned over to the accused in a criminal proceeding. Boches v. State, 506 So.2d 254, 263 (Miss.1987). The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment. Ellis v. State, 661 So.2d 177, 181 (Miss.1995). Failure to produce the information does not depend upon the good faith or bad faith of the prosecution, Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), nor upon the specificity of the defense request. United States v. Agurs, 427 U.S. 97, 110, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
¶ 12. Newell kept a cash receipts journal documenting cash receipts and deposits. This journal was provided to the defense after the trial was concluded, and Little was convicted of embezzlement. This journal was turned over to the defense pursuant to a court order. Upon examination, the journal revealed that the bulk of the alleged embezzlements were deposited to Newell’s bank account.
¶ 13. This journal should have been made available to the defense prior to the trial date. Newell knew or should have reasonably known that cash deposits would be reflected in the journal'. The journal was essential to prove or disprove the allegation of embezzlement against Little.
¶ 14. The State has a duty to investigate all evidence regarding a crime, not just those items which appear to support the case against a defendant. Whether or not the State knew of the existence of the documents is immaterial since Newell knew. The State should have made a greater effort to determine whether or not any further records or journals existed which would have reflected either a deposit of the alleged missing funds or a deficiency of them. The failure to procure and produce the journal to the defense violates the requirement to produce exculpatory documents under Brady. Little was unfairly prejudiced by the State’s failure to furnish potentially exculpatory evidence, and for that reason, this case should be reversed and remanded.
II. WHETHER THE TRIAL COURT ERRED IN OVERRULING THE AMENDED MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE, A JUDGMENT OF ACQUITTAL WHICH SPECIFICALLY ADDRESSED NEWLY DISCOVERED EVIDENCE
¶ 15. Newly discovered evidence warrants a new trial if the evidence will probably produce a different result or verdict. Ormond v. State, 599 So.2d 951, 962 (Miss.1992)(emphasis added). Furthermore, proponents must show that the evidence could not have been discovered before trial through the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative or impeaching evidence. Id. Under Gaston v. State, 562 So.2d 61, 63 (Miss.1990), the Mississippi Supreme Court held that a lower court must be satisfied that the evidence came to the defendant’s knowledge since trial, that it could not have been discovered sooner by due diligence, and that it would probably produce a different result, if a new trial were granted. Under Ormond, the supreme court may overrule a trial court if the lower court abuses its discretion to grant or deny a *490 new trial based on newly discovered evidence. Ormond, 599 So.2d at 962.
¶ 16. Little exercised due diligence in his attempt to obtain all discoverable material from the State by filing a motion for discovery. Little was not involved in the maintenance of the receipts journal as an employee of Newell, and accordingly, he had no knowledge of its existence. Little did not learn of the existence of such a journal until after his conviction.
¶ 17. The trial court was properly made aware of this newly discovered evidence by Little’s motion for a new trial. A hearing was held and the motion was denied. Here, Little meets the criteria set forth in Gaston since he did not know about the receipts journal despite his best efforts to discover any exculpatory evidence that existed. Even though it is within the discretion of the trial court to grant or deny a new trial based on newly discovered evidence, under Ormond we can reverse a trial court if that discretion is abused. Since that discretion was abused in the case sub judice, this assignment of error is well taken.
III. WHETHER THE TRIAL COURT ERRED IN OVERRULING THE AMENDED MOTION FOR NEW TRIAL, WHICH QUESTIONED THE STATE’S FAILURE TO EXERCISE DUE DILIGENCE IN COMPLYING WITH UNIFORM CIRCUIT AND COUNTY COURT RULE 9.04(A)
¶ 18. Uniform Circuit and County Court Rule 9.04(A) reads, in pertinent part, as follows:
[The] prosecution must disclose to each defendant or to defendant’s attorney, and permit the defendant or defendant’s attorney to inspect, copy, test, and photograph upon written request and without the necessity of court order the following which is in the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may have become known to the prosecution:
[[Image here]]
6. Any exculpatory material concerning the defendant.
¶ 19. The State’s failure to produce Newell’s cash receipts journal was a clear failure to comply with Rule 9.04. The supreme court has addressed Rule 4.06 (now contained in Rule 9.04) violations on numerous occasions. In Galloway v. State, 604 So.2d 735, 739-40 (Miss.1992), the Mississippi Supreme Court held that “the prosecution had a continuing duty to make discovery of ‘additional material or information which is subject to disclosure’ which a party becomes aware of ‘subsequent to compliance with these rules or orders pursuant thereto.... We have consistently enforced this continuing duty to make discovery.’ ” The failure by the State to supplement discovery pursuant to Rule 4.06, now incorporated in Rule 9.04, \vas reversible error. Hickson v. State, 697 So.2d 391, 395 (Miss.1997). “Discovery, to be sufficient, must be made at a time far enough in advance of a trial to give the defense a ‘meaningful opportunity’ to make use of it.” Stewart v. State, 512 So.2d 889, 891 (Miss.1987).
¶ 20. Finally, in Moore v. State, 536 So.2d 909, 911 (Miss.1988), the Mississippi Supreme Court reiterated its commitment to the proposition that “justice is more nearly achieved when, well in advance of trial, each side has reasonable access to the evidence of the other.” Since Little was not was not given a meaningful opportunity to examine the cash receipts journal prior to his trial, he was prejudiced in his defense. Therefore, this assignment of error is well taken.
¶ 21. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE TAXED TO LOWNDES COUNTY.
*491 KING, P.J., COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
McMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY SOUTHWICK, P.J., AND BRIDGES, J.