553 So.2d 1117 (1989)
NATIONWIDE MUTUAL INSURANCE COMPANY
v.
John L. EVANS.
No. 07-58634.
Supreme Court of Mississippi.
November 15, 1989.
*1118 Raymond L. Brown, Brown & Associates, P.A., Pascagoula, for appellant.
James H. Heidelberg, Bryant Stennis & Colingo, Pascagoula, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This case presents an appeal and a cross-appeal arising out of a hotly disputed action regarding the rights and responsibilities of the parties to an automobile insurance contract. In the end, the Circuit Court dismissed the insurer's declaratory judgment complaint and the insured's bad faith counterclaim without prejudice and then assessed against each substantial sanctions under Rule 11(b), Miss.R.Civ.P., payable to the other.
We hold that the Circuit Court employed incorrect legal standards in considering the Rule 11 issues. Moreover, when the correct standards are applied, neither sanction order may stand. We reverse and render on both direct and cross-appeal.

II.
All else was inchoate until April 30, 1985, when Ida Rose Yocum slipped and fell in the bumper area of a 1970 Ford truck, actually a mail van, and broke her leg. Yocum was operating the truck as a driver for John L. Evans who held a contract with the U.S. Postal Service to deliver mail and also owned the truck. At the time, Evans held a liability insurance policy with Nationwide Mutual Insurance Company covering the truck.
On January 10, 1986, Yocum filed suit against Evans charging negligence and her personal injuries. Evans notified Nationwide of the suit and Nationwide in turn employed counsel to defend.
In point of fact, the Nationwide policy contained an employee exclusion, that is, the policy provided that the insured, Evans, would have no liability coverage in the event of personal injury claims which may be asserted by someone who was Evan's employee which arose out of an incident occurring in the course and scope of such employment.
In her complaint Yocum had alleged that "she was employed by the defendant, John L. Evans, for the purpose of delivering mail," that "she was going about her ordinary and customary job duties ... and was operating as his [Evans'] servant, agent and employee in carrying out the duties of her employment at the time of the accident... ." The complaint further charged that Evans "had not secured Workmen's Compensation insurance for and on her behalf."
At that time, Nationwide's file reflected facts which would suggest that Yocum was not an employee. When Evans originally reported the claim, he had talked with Nationwide claims representative Debbi George and had stated Yocum was not his employee. George had made a note to the file to this effect. Evans apparently regarded Yocum as a substitute mail carrier. *1119 He paid Yocum $25.00 a day each day she delivered the mail for him.
In this state of the matter, Nationwide sent Evans a "Reservation of Rights" letter and retained counsel to institute the present action, a declaratory judgment action, against Evans on the question of coverage. In fact, on February 19, 1986, Nationwide Mutual Insurance Company commenced the present action by filing in the Circuit Court of Jackson County its Complaint for Declaratory Judgment asking that the Court construe "the provisions of the policy of insurance." Rule 57, Miss.R. Civ.P. Nationwide put at issue the effect of the employee exclusion.
On September 19, 1986, following Evans' deposition, Nationwide amended its complaint and thereupon alleged that Evans had failed to disclose material facts in procuring the policy and that, if Evans had disclosed the correct facts, Nationwide would either not have issued the policy in question or would have issued a different kind of coverage.
Evans answered the complaint and asserted a counterclaim, originally on March 21, 1986, charging Nationwide with bad faith and demanding $50,000.00 in actual damages and $7,000,000.00 in punitive damages.
At trial the Circuit Court ultimately bifurcated the proceedings on Nationwide's claim for declaratory judgment and Evans' bad faith counterclaim. The Court then directed a verdict for Evans on Nationwide's declaratory judgment action and, most important for the present appeal, imposed sanctions on Nationwide under Rule 11, Miss.R.Civ.P. In its subsequent written ruling, the Court held that Plaintiff Nationwide had
mistakenly relied solely upon the company files and failed to inquire of the agent as to any knowledge which the agent may have had which would contradict or affirm the information in the files, and, as a result, the pleading before this Court is frivolous.
On February 24, 1987, the Court entered judgment in favor of Evans and against Nationwide in the sum $22,283.58.
The Circuit Court further ordered Evans to pay Nationwide Mutual some $13,462.55 in Rule 11 sanctions, the particulars of which we consider in Section IV below.

III.
Rule 11, Miss.R.Civ.P.,[1] vests in our trial courts discretionary authority to impose sanctions upon parties or attorneys. Where the trial court has employed the correct legal standards, we may reverse only where we find an abuse of discretion. Tricon Metals & Services, Inc. v. Topp, 537 So.2d 1331, 1336 (Miss. 1989) and Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 118 (Miss. 1987). Where the court has exercised its discretionary authority against a substantial misperception of the correct legal standards, our customary deference to the trial court is pretermitted, Burkett v. Burkett, 537 So.2d 443, 446 (Miss. 1989); Gibson v. Manuel, 534 So.2d 199, 204 (Miss. 1988), for the error has become one of law. Boggs v. Eaton, 379 So.2d 520, 522 (Miss. 1980); S & A Realty Co. v. Hilburn, 249 So.2d 379, 382 (Miss. 1971).
*1120 Quite apparently, the portion of Rule 11 implicated here is the last sentence of Rule 11(b) which provides:
If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such party to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys fees.
This portion of the rule thus contains twin standards, first, frivolousness, and, second, harassment or delay. These standards should not be read as another instance of the legal mind's inability to use one word where two or three will do as well, and there is no reason we should not take seriously the disjunctive "or". A filing not technically frivolous but nevertheless filed for harassment or delay is subject to the rule and to imposition of sanctions.
The record makes clear that the Circuit Court proceeded only according to the frivolousness standard. That standard is an objective one.
Our question is whether [the litigant], giving it the benefit of reasonably competent legal advice, had any hope of success on its claim... . Our inquiry is an objective one to be exercised from the vantage point of a reasonable party in [the litigant's] position as it filed ... its claim.
Tricon, 537 So.2d at 1335. (Emphasis added)
It is important to determine or isolate the point in time upon which our Rule 11 focus must be placed. In the language of the sentence of the rule here at issue we find "If any party files a motion or pleading... ." (Emphasis added) Filing is that which triggers the possibility of sanctions.[2] It would hardly be irrational for the Court to provide that parties and attorneys are under a continuing duty to monitor their pleadings and motions and if subsequent events or information coming to their attention suggest that a claim or defense is frivolous, they should be required to abandon it. For better or for worse, no such "continuing duty" may be found in the language of the rule. Our enforcement of the rule must be consistent with its language. We must take the rule as given, not as we wish it were. Candor requires the concession that the "continuing duty of inquiry" is not there.
There are two factual predicates for the Circuit Court's imposition of sanctions upon Nationwide. First is the testimony of Michael J. Goodwin, a former Nationwide agent, who had in fact issued the policy to Evans. Second is a certificate of insurance issued by the office of Fletcher Songe, Nationwide's agent at the time of the underlying accident, to the United States Postal Service, and which Evans produced at trial to the apparent surprise of all.
Notwithstanding Rule 11(b) standard of objective frivolousness, a word may be of value on the former agent of whom the Court said Nationwide should have inquired. Goodwin had been Evans' insurance agent for many years, first as an independent insurance agent in the 1970s, thereafter while he was employed with Nationwide for some five years, and subsequently in his present capacity as an Allstate agent. Goodwin testified that he issued the policy to Evans and that Nationwide actually knew the true facts because he had told them from the beginning; that is, Goodwin had told Nationwide that Evans was using the truck as a mail truck. This testimony if believed would certainly call into question Nationwide's position on its amendment to the complaint alleging material misrepresentations. The documentation in Nationwide's files, however, wholly fails to reflect Goodwin's testimony. Beyond this, it is quite clear that (a) Goodwin left Nationwide on less than amicable terms and (b) Goodwin is still serving as *1121 Evans' agent, now representing Allstate, and has a motive to want to retain Evans' business. More to the point, Evans is not armed with any finding by the Court that Nationwide's representatives were lying, as in Tricon, 537 So.2d at 1336.
Our cases are numerous holding that an insurer of right may avoid coverage upon proof the insured in the policy application made a substantial misrepresentation of a material fact. Sanford v. Federated Guaranty Insurance Co., 522 So.2d 214, 216-18 (Miss. 1988); Tolar v. Bankers Trust Savings & Loan Assn., 363 So.2d 732, 735 (Miss. 1978); Casualty Reciprocal Exchange v. Wooley, 217 So.2d 632, 635-36 (Miss. 1969). The record before us contains evidence that Evans represented that the van was used for personal "pleasure" when in fact it was used exclusively for business purposes. Evans represented that he and his wife were the only persons who used the van, while in fact Yocum used it whenever she ran Evans' mail route. Evans made several other less significant misrepresentations.
There is no need to consider whether these misrepresentations were substantial enough or material enough to avoid the policy. Nor need we be detained by the testimony of Nationwide Mutual's former agent. Attributing to Nationwide all that Goodwin said at trial, a fair minded external observer may not regard it irrational that one may disbelieve him. What and all we are charged to ask is whether the allegations of the Amended Complaint filed September 19, 1986, were frivolous within Rule 11(b). Can it be said on this record that Nationwide's claim was without any hope of success? Beyond peradventure the answer is, "No!"
Nationwide's original complaint of February 19, 1986, regarding the employee exclusion is more certainly non-frivolous. Employee exclusions such as that at issue are enforceable according to their terms. 12 Couch on Insurance 2d, § 45:542 (1981). Yocum was using a truck/van furnished by Evans and was delivering mail which he was obligated to deliver under his contract with the U.S. Postal Service. She had sued Evans alleging in no uncertain terms that she was Evans' employee. While Evans insists that Yocum was an independent contractor, there certainly appears a substantial evidentiary basis upon which one may reasonably have concluded that she was an employee. Cf. Champion Cable Construction Co., Inc. v. Monts, 511 So.2d 924, 927-28 (Miss. 1987); Empire Home Builders v. Guthrie, 187 So.2d 17, 18 (Miss. 1966).
Turning to the other ground in Rule 11(b)  a filing for purposes of harassment or delay, we find the point has neither been considered by the Court below nor addressed by the parties on appeal. We chose to let that sleeping dog lie.
In sum, the Circuit Court erred when it adjudged Nationwide Mutual's pleadings according to a due diligence standard. When judged properly under Rule 11(b)'s objective frivolousness standard, those pleadings afford no basis for sanctions. The judgment assessing sanctions against Nationwide Mutual is reversed and rendered.

IV.
Evans cross-appeals the Circuit Court's order assessing him with Rule 11 sanctions.
In its Answer to Evans' bad faith counterclaim, Nationwide Mutual charged that the counterclaim was frivolous and demanded sanctions under Rule 11(b). During the course of Nationwide Mutual's proof at trial, Evans' counsel produced a U.S. Postal Service certification that Policy No. 63-23-950803 had been issued by "Nationwide Ins." to John L. Evans insuring the Ford van in issue. It developed further that this policy had been issued by Nationwide Property and Casualty Company, a separate corporate entity distinct from Nationwide Mutual Insurance Company, although a part of the overall Nationwide family.
At the conclusion of Nationwide Mutual's proof, and before Evans had had the opportunity to offer evidence in support of his bad faith counterclaim, the Court dismissed it without prejudice and, to the present *1122 point, held that Evans "at some time prior to trial knew," or should have known, that a second policy of insurance was involved "of which Nationwide Mutual was unaware" and that "due to the contractual relationship of the parties [Nationwide Mutual and Evans], had a duty to disclose such information to ... [Nationwide Mutual]." The Court then found that Nationwide Mutual "failed to notify" Evans, "failed to determine or make [Nationwide Property and Casualty] a party to this lawsuit ...; and hence, failed to act in good faith in the handling of the cross-complaint and, therefore, the cross-complaint is frivolous." Upon dismissing the cross-complaint, the Circuit Court ordered that Evans pay to Nationwide mutual $13,462.55 as Rule 11 sanctions.
On review, we return to the two prongs of Rule 11(b). Was Evans' bad faith counterclaim "frivolous" when filed? Was Evans bad faith counterclaim "filed for the purpose of harassment or delay?"
The Circuit Court found that Evans' bad faith counterclaim was frivolous. To review such a finding we consider the substantive standards Evans was required to meet in order to succeed on his counterclaim. We have held in cases too numerous to cite that an insurance company defendant in a bad faith refusal case may be assessed punitive damages only where it has acted (a) with malice, a subjective standard, or (b) with gross neglect or gross disregard for the rights of others, an objective standard. See, e.g., Independent Life & Accident Insurance Co. v. Peavy, 528 So.2d 1112, 1115 (Miss. 1988); Colonial Mortgage Co., Inc. v. Lee, 525 So.2d 804, 807 (Miss. 1988); Mutual Life Insurance Co. of New York v. Estate of Wesson, 517 So.2d 521, 528 (Miss. 1987). Our inquiry is whether there was in the record a reasonable basis for the Circuit Court concluding that Evans had no hope of success in establishing either Nationwide Mutual's malice or that Nationwide Mutual proceeded with gross neglect or gross disregard of Evans' rights.
Here we note the rather unusual manner in which the Circuit Court proceeded. At the end of Nationwide Mutual's evidence at trial, and after Nationwide Mutual had rested, the Court granted Evans' motion to dismiss the complaint for declaratory judgment and announced that it would impose Rule 11 sanctions. Evans was allowed to offer no proof on his counterclaim. The Court dismissed the jury. Just over a week later, counsel appeared again before the Court and, insofar as the record reflects, out of the blue the Court announced that Evans as well had "frivolously filed the pleadings," for the reasons summarized above. The record contains no finding that Evans had no hope of success on his bad faith counterclaim. Indeed, we perceive no way the Circuit Court could have made any such finding for the obvious reason that Evans was never afforded the opportunity to make his proof. Rule 11 sanctions should never be imposed until the trial court has heard fully the evidence and law which the party to be sanctioned says will negate a finding of frivolousness.
Of course the predicate for the Circuit Court's assessment of sanctions against Evans was the finding that he had violated his duty of good faith by not timely disclosing the Nationwide Property and Casualty policy.[3] Assuming that this is so, we are a far cry from an adequate record upon which the Court might hold that the counterclaim was filed for purposes of harassment or delay. If there has been any such failure to disclose, that properly would be the subject of sanctions under Rule 37, Miss.R.Civ.P. There appearing in the record no order for discovery which Evans may have violated, Rule 37 affords no basis upon which these sanctions may be imposed.
ON DIRECT APPEAL BY NATIONWIDE MUTUAL INSURANCE COMPANY, REVERSED AND RENDERED; ON
*1123 CROSS-APPEAL BY JOHN L. EVANS, REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Rule 11 in pertinent part reads as follows:

(a) Signature Required. Every pleading or motion of a party represented by an attorney shall be signed by at least one attorney of record in his individual name whose address shall be stated... . The signature of an attorney constitutes a certificate by him that he has read the pleading or motion; that to the best of his knowledge, information, and belief there is good ground to support it; and that is not interposed for delay.
(b) Sanctions. If a pleading or motion or motion is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading or motion had not been served... . If any party files a motion or pleadings which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees.
(emphasis added).
[2] The mere filing of a frivolous claim does not in and of itself authorize imposition of sanctions. In the same sense that not all acts of negligence give rise to damages, there must be some injury. Where there has been a frivolous filing, but no injury, the rule does not authorize sanctions. See Dethlefs, 511 So.2d at 118 (sanctions dismissed where there was no "injury caused or resulting from these unfounded charges").
[3] There appears no basis in this record for disregarding the separate corporate entities of Nationwide Mutual Insurance Company and Nationwide Property and Casualty Company. See Briggs v. Benjamin, 467 So.2d 932, 934 (Miss. 1985) (respecting the separate existence of State Farm Fire and Casualty Company and State Farm General Insurance Company).