621 So.2d 915 (1992)
Margie R. JANUARY
v.
Roy M. BARNES, M.D.
No. 89-CA-1058.
Supreme Court of Mississippi.
December 31, 1992.
Rehearing Denied August 19, 1993.
*916 Joel W. Howell, III, Jackson, for appellant.
Gail S. Akin, R.E. Parker, Jr., Varner Parker Sessums & Akin, Kay S. Beene, Vicksburg, for appellee.
En Banc.
McRAE, Justice, for the Court:
Monetary sanctions to the tune of $20,666.60 have been imposed by the Circuit Court of Claiborne County, jointly and severally, against Attorney Joel W. Howell, III and his client, Margie R. January. Consequently, we are called upon to reexamine, within the context of a claim for medical malpractice, the contours of Rule 60(b), Rule 11, and Rule 37 of the Mississippi Rules of Civil Procedure. As we soon shall see, we have traveled this road before.
We reverse the lower court's imposition of summary judgment in favor of Dr. Barnes and remand for further proceedings. Further, however, the trial judge erroneously applied a theory of "continuing duty," and because we find substantial compliance by Howell with all discovery orders, the imposition of monetary sanctions under Rules 11 and 37 is reversed and rendered.
Both Howell and January appeal from an order issued on November 14, 1988, by the Circuit Court of Claiborne County denying their Rule 60(b) motion for rehearing or reconsideration of two prior orders, one granting summary judgment in favor of Dr. Barnes and the other imposing monetary sanctions against the lawyer and his client.
Three primary issues may be gleaned from this appeal. Ms. January and Mr. Howell claim:
(1) The trial judge abused his judicial discretion in failing to consider the affidavit of Dr. Frank Chin on the issue of causation, and the court's resultant failure to set aside the summary judgment on the issue of liability was also an abuse of judicial discretion.
(2) The trial judge abused his judicial discretion in failing to grant relief from the judgment or order imposing monetary sanctions under Rule 11 because he applied an erroneous legal theory of continuing duty.
(3) The trial judge abused his judicial discretion in failing to grant relief from the judgment or order imposing monetary sanctions under Rule 37 because Rule 37 requires violation of an express discovery order, and the only discovery order imposed on the plaintiff was substantially complied with.

FACTS
The imposition of sanctions had its genesis in a complaint for medical malpractice filed on March 31, 1987, by Margie January against Dr. Roy Barnes who had been Ms. January's family physician for a number of years.
On April 1, 1985, Ms. January, after experiencing a slight fever and symptoms of nausea and vaginal discharge, sought treatment from Dr. Barnes at his office in Port Gibson. January was unaware she was pregnant at this time. After conducting his examination, which did not include a pregnancy test, Dr. Barnes either administered or had his nurse administer an injection to the patient. Barnes entered on his medical chart a diagnosis of pelvic inflammatory disease and gave the patient a prescription for medication.
January testified by deposition she was given a shot of clear liquid by Dr. Barnes who informed her he was going to give her something to facilitate the onset of menstruation. Barnes, on the other hand, testified by deposition his nurse administered *917 an injection of ampicillin, a substance cloudy or milky in appearance when mixed.
In any event, Ms. January returned to her home where she began bleeding and spotting sometime during the evening. She spontaneously aborted a fetus the following morning, April 2nd. She returned to the office of Dr. Barnes that same morning and told him she had experienced pain and profuse bleeding the night before. She also presented him with what appeared to be a human fetus. After reexamining Ms. January, Dr. Barnes found her condition to be consistent with a woman who had recently passed a fetus.
Howell, a Jackson lawyer, was retained in January of 1986 after Ms. January discharged previous counsel who had been slow in pursuing her lawsuit against Dr. Barnes. The file of former counsel, which was examined by Howell, reflected that Ms. January had consulted Dr. Joseph Booker, both as a contemporaneous treating physician and as an expert witness in her lawsuit. Ms. January represented that Dr. Booker had told her she had a strong case. Prior to filing suit, Dr. Booker was consulted by Howell who, according to an affidavit filed by Howell, assured him, as Ms. January had represented, that Booker felt there was a strong case of negligence against Dr. Barnes.
Howell filed suit on March 31, 1987, just prior to the expiration of the two year statute of limitations applicable to medical malpractice actions. The complaint, which sought actual and punitive damages, alleged the medication administered by Dr. Barnes caused Ms. January to spontaneously abort and that plaintiff sustained physical and emotional pain and suffering as a result of Dr. Barnes' treatment of her condition. Barnes answered and denied all allegations.
In April of 1987, counsel for Dr. Barnes filed interrogatories, a request for production of documents, and requests for admissions. This generated approximately eighteen (18) pages of response from Howell on May 15, 1987. Supplemental responses to the request for production were filed on June 23rd providing yet further medical records. In July of 1987, counsel for Barnes requested and was provided a blanket medical authorization for Ms. January.
On November 18, 1987, counsel for Dr. Barnes filed a Motion to Compel Answers to Interrogatories which specifically requested additional details as to the opinions of the physicians identified in earlier responses, dates of contacts with those physicians, and further details as to plaintiff's damages. This was the only motion to compel discovery filed on behalf of Dr. Barnes, and it dealt only with the supplementation of answers given to former interrogatories and not with document production. On December 18, 1987, Howell supplemented answers to Barnes' interrogatories with an additional twelve (12) page response.
On January 21, 1988, Circuit Judge John Ellis issued an order granting supplementation on one-half of Barnes' requests contained in his motion to compel answers and denying supplementation as to the other half of the defendant's requests. On February 11, 1988, approximately eight (8) pages of supplemental answers to Barnes' interrogatories were filed by Attorney Howell. On March 15, 1988, Howell filed four (4) pages of answers to the defendant's second set of interrogatories. A subsequent pretrial order demonstrated that a total of eighty-six (86) pages of medical reports were produced by the plaintiff during the course of discovery.
On April 1, 1988, counsel for Dr. Barnes took the deposition of the plaintiff's expert witness, Dr. Joseph Booker. At this time, Dr. Booker did not connect Ms. January's spontaneous abortion with medication given or prescribed by Dr. Barnes. According to Attorney Howell, this was contrary to the representations Dr. Booker had previously made to Ms. January.
Dr. Barnes filed a motion for summary judgment seven days later on April 8, 1988, claiming that Dr. Booker had found nothing in Dr. Barnes' medical treatment that would have caused Ms. January's spontaneous abortion. Ms. January responded to the request for summary judgment by producing *918 an affidavit from Dr. Booker which, although stating that Dr. Barnes had, in several respects, violated the applicable standards of care, failed to mention anything about causation. On April 22, 1988, Ms. January requested and obtained a continuance of the hearing of Dr. Barnes' motion for summary judgment because Dr. Booker's deposition had not been transcribed and because January intended to submit affidavits in opposition to the motion during the hearing. Counsel did not assign as a reason for a continuance that the deposition of Dr. Booker was a surprise and that additional time was needed to secure another expert. No other requests for continuance are reflected by the record.
Before the motion for summary judgment could be heard, on April 27th, Dr. Barnes, on April 26th, filed a "Motion for Rule 11 Sanctions" against January and Howell. In his motion Barnes pointed to after-developed facts and counsel's continuing legal duty to reevaluate and reconsider the posture of the litigation as the case progressed. Barnes' motion for sanctions contained the following claim: "In their continuation of this lawsuit, ... plaintiff, as well as her attorney, have frivolously prosecuted an untenable claim." Dr. Barnes sought both attorney's fees and expenses of protracted litigation.
On April 29, 1988, the circuit judge issued an order granting summary judgment to Dr. Barnes because the plaintiff had presented no question for the jury relative to causation and because Dr. Booker, the plaintiff's own expert, negated causation in Booker's deposition taken by Barnes on April 1, 1988. Stated somewhat differently, summary judgment was granted because of a lack of proximate causation between the shot administered by Dr. Barnes or his nurse and the plaintiff's spontaneous abortion.
Following summary judgment, a hearing was held on the Rule 11 motion. At the conclusion of this hearing the circuit judge issued a judgment ordering "... that plaintiff and her attorney, jointly and severally, pay [to Dr. Barnes] the amount of $20,666.60 as Rule 11 sanctions and attorneys' fees and expenses and for violation of Rule 37 of the Rules of Civil Procedure." The bases for the imposition of sanctions were the trial judge's findings of fact that at no time did the plaintiff or her lawyer present any proof or evidence of causation and that plaintiff did not in good faith comply with or participate in discovery as required by our rules of civil procedure.
On June 7, 1988, Howell and Ms. January filed motions for rehearing of the decision of the lower court granting summary judgment as well as the decision imposing Rule 11 and Rule 37 sanctions. They later produced an affidavit dated September 15, 1988, of Dr. Frank Chin, a New Mexico pathologist. Dr. Chin stated that based upon his September 15, 1988, review of the medical records and the affidavit of Ms. January, and based further upon Ms. January's testimony that she was given an injection of a clear liquid to initiate menstruation, it was his opinion, to a reasonable degree of medical probability, that she was given an injection of either Progesterone or Estrogen or both, which was the proximate cause of Ms. January's spontaneous abortion.[1]
After a hearing, the trial court rendered a six (6) page opinion on November 14, 1988, finding no bases for relief under Rule 60, Miss.R.Civ.P. and specifically stating the following:
The Court does not know when or under what circumstances counsel knew of the fatal defects the case contained.
The Court is of the opinion ... that Plaintiff could not sustain her burden of proof as to the merits of her lawsuit and that this was known or should have been known to counsel and further that Plaintiff and counsel did not participate or comply with required discovery which would have revealed this deficiency at a much earlier (and less costly) stage. Counsel has in the Court's opinion the *919 continuing duty to assess the merits of the lawsuit and not maintain frivolous and/or meritless cases. [emphasis supplied]
Ms. January and Howell sought appellate review of the orders issued April 29th, May 11th, and November 14th granting summary judgment, awarding sanctions, and denying the plaintiff's and her attorney's Rule 60(b) motions for rehearing and reconsideration. After the case was appealed to this Court, Dr. Barnes filed a motion to docket and dismiss which was initially granted. On rehearing, this Court issued an order finding that the notice of appeal as to the lower court orders of April 29, 1988 (summary judgment), and May 11, 1988 (sanctions), were untimely filed and the appeal of those two orders should be dismissed but "... the Notice of Appeal as to the lower court order of November 14, 1988, denying post-trial motions filed pursuant to MRCP 60, was timely filed, and the appeal as to the November 14, 1988, lower court order should be reinstated."[2]

DISCUSSION
This appeal comes to us purely within the context of Rule 60(b) of the Mississippi Rules of Civil Procedure. We are not faced with the questions of whether the trial judge erred as a matter of law in entering summary judgment in favor of Dr. Barnes on April 29, 1989, or in imposing sanctions on May 11, 1988. January's appeal from the trial court's orders granting summary judgment and imposing sanctions was dismissed by this Court on August 1, 1989. (See Appendix A) The target of our review today is whether the trial judge abused his judicial discretion in denying relief sought within the context of Rule 60(b) from a final judgment or order.

1. Summary Judgment
The trial court's refusal to set aside summary judgment in favor of Dr. Barnes amounted to an abuse of judicial discretion. The affidavit of Dr. Chin, timely filed in conjunction with Ms. January's Rule 60 motion, created a genuine issue of material fact as to whether Dr. Barnes' negligence proximately caused the plaintiff's injury. Since the trial court had originally granted summary judgment on grounds that Ms. January could not prove proximate cause, the "newly discovered evidence" contained in the affidavit of Dr. Chin should have prompted the court to set aside the summary judgment order under MRCP Rule 60(b)(3).
Our discussion of this issue will be greatly enhanced by the following chronology of related events:

 DATE EVENT
 April 1, 1988 Booker Deposition: Dr. Barnes deposes Dr. Booker,
 plaintiff's expert
 April 8, 1988 Motion for Summary Judgment: filed by Dr. Barnes
 April 29, 1988 Summary Judgment: Lower court issues order granting
 summary judgment in favor of Dr. Barnes
 June 7, 1988 Motion for Rehearing: Ms. January files Rule 60(b)
 motion for rehearing and reconsideration of decision
 granting summary judgment
 September 15, 1988 Chin Affidavit Executed: Dr. Chin examines medical
 records and affidavits of Ms. January and executes
 affidavit containing statement of causation
 October 9, 1988 Chin Affidavit Filed: Notice is given of the filing of
 Dr. Chin's affidavit
 November 10, 1988 60(b) Hearing: Rule 60(b) hearing is conducted on Ms.
 January's motions for rehearing and reconsideration
 November 14, 1988 Rehearing Denied: Trial judge issues order finding "no
 basis for relief" under Rule 60(b) motions for
 rehearing
 November 23, 1988 Appeal Filed: Ms. January files notice of appeal
 March 29, 1989 Appeal Dismissed: This Court dismisses Ms. January's
 appeal
 August 1, 1989 Appeal Reinstated: This Court issues order reinstating
 Ms. January's appeal as to the denial of Rule 60
 motion

*920 Rule 60(b) of the Mississippi Rules of Civil Procedure provides:
Mistakes, Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
.....
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).
.....
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.
Ms. January's motion for reconsideration and the "newly discovered evidence" contained in Dr. Chin's affidavit were both filed within six months after the April 29 order granting summary judgment in favor of Dr. Barnes. Dr. Barnes argues, however, that the plaintiff did not exercise "due diligence" in procuring Dr. Chin's affidavit. According to Sullivan v. Heal, 571 So.2d 278, 281 (Miss. 1990): "A party asking for a new trial on the ground of newly discovered evidence [pursuant to Rule 60(b)] must satisfy the court that the evidence has come to his knowledge since the trial, and that it was not owing to a want of diligence on his part that it was not discovered sooner." The fifth circuit in N.L.R.B. v. Jacob E. Decker & Sons, 569 F.2d 357, 363 (5th Cir.1978), explained Rule 60(b)(3) as follows:
Newly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different result.
There is no question but that Dr. Chin's statement was "discovered after trial," that the statement is "material and not cumulative or impeaching" as to the issue of causation, and that the statement would have "required a different result" had it been presented to the trial court prior to its April 29, 1988, ruling on Dr. Barnes' motion for summary judgment. The only dispute is over the questions of whether Ms. January was "excusably ignorant" of Dr. Chin's opinion and whether she exercised due diligence in calling it to the trial court's attention.
We find that Ms. January's failure to solicit Dr. Chin's expert opinion prior to the April 29, 1988, grant of summary judgment was excusable. According to Ms. January's affidavit, Dr. Booker had assured her long before she filed suit that she had a strong case and that in his opinion, Dr. Barnes may have given her a drug contraindicated during pregnancy. Assuming this to be true, Ms. January was justified in staking her proof of causation on Dr. Booker's expected expert testimony. When Dr. Booker refrained from linking Dr. Barnes' actions to Ms. January's injury in his April 1, 1988, deposition, Ms. January had little time to regroup before the trial court granted the defendant's motion for summary judgment on April 29, 1988.
We further find that Ms. January exercised due diligence in procuring the expert opinion of Dr. Chin. It would be unrealistic under the circumstances of this case to say that Ms. January should have (1) started from scratch after Dr. Booker's April 1, 1988, deposition, (2) found another expert, (3) allowed the new expert to review the case and (4) secured an affidavit proving causation, all before the ten-day limit for filing a Rule 59 motion expired on May 9, 1988. It is true that the Chin affidavit was not executed until September 15, 1988, about four months after the Rule 59 time period expired. The length of delay between *921 the expiration of the Rule 59 filing deadline and the date on which Chin was deposed is irrelevant, however. The motion was filed in a timely manner. The fact that the affidavit was executed four months later is immaterial. It was filed before the hearing. Rule 60(b)(3) allows relief from a judgment on grounds of newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." (Emphasis added). The trial court thus erred in refusing to consider Dr. Chin's affidavit. Consequently, the court manifestly erred in denying Ms. January's motion to reconsider and set aside the summary judgment.

2. Rule 11 and Rule 37 Sanctions
The failure to set aside the award of monetary sanctions imposed under Rule 11 was an abuse of judicial discretion because the trial judge misperceived the correct legal standard. Bean v. Broussard, 587 So.2d 908 (Miss. 1991); Nationwide Mutual Insurance Company v. Evans, 553 So.2d 1117 (Miss. 1989). The failure to set aside any monetary sanctions imposed for a discovery violation under Rule 37 was also an abuse of judicial discretion since no discovery order was violated. Palmer v. Biloxi Regional Medical Center, 564 So.2d 1346 (Miss. 1990); Nationwide Mutual Insurance Company v. Evans, supra.

A. Rule 11
Miss.R.Civ.P. Rule 11(b) reads, in its pertinent parts, as follows:
If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees.
In the case at bar, the trial court expressly applied (or misapplied) a theory of "continuing duty to assess the merits of the lawsuit and not maintain frivolous and/or meritless cases." The court declined to find the complaint had been filed in bad faith. Because the trial court exercised its discretionary authority in such a way as to misperceive the correct legal standard, "the deference customarily afforded trial courts is pretermitted because the error has become one of law." Bean v. Broussard, 587 So.2d at 913.
We held in Bean, a recent case remarkably similar to the case at bar in both facts and law, that a medical malpractice complaint was neither frivolous at the time of its filing nor filed for purposes of harassment or delay so as to warrant imposition of Rule 11 sanctions against the plaintiff's attorney. We found, first of all, that the circuit court had inherent authority to impose monetary sanctions against an attorney, even though the preamendment version of Rule 11(b) spoke only to imposition of sanctions against a party. Id. at 911-12.
In Bean we relied upon Nationwide Mutual Insurance Company v. Evans, 553 So.2d 1117 (Miss. 1989) in noting "... that our rule [11] imposes no continuing duty which would require immediate abandonment of a claim should it later appear to be frivolous." Bean v. Broussard, supra, 587 So.2d at 913. In Nationwide, where we reversed an award of monetary sanctions, we held:
Where the trial court has employed the correct legal standards, we may reverse only where we find an abuse of discretion. Tricon Metals & Services, Inc. v. Topp, 537 So.2d 1331, 1336 (Miss. 1989) and Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 118 (Miss. 1987). Where the court has exercised its discretionary authority against a substantial misperception of the correct legal standards, our customary deference to the trial court is pretermitted [citations omitted] for the error has become one of law. [citations omitted] (553 So.2d at 1119.)
With regard to the duties imposed by our Rule 11, we further stated:
It is important to determine or isolate the point in time upon which our Rule 11 focus must be placed. In the language of the sentence of the rule here at issue *922 we find "If any party files a motion or pleading. .. ." (Emphasis added) Filing is that which triggers the possibility of sanctions. It would hardly be irrational for the Court to provide that parties and attorneys are under a continuing duty to monitor their pleadings and motions and if subsequent events or information coming to their attention suggest that a claim or defense is frivolous, they should be required to abandon it. For better or for worse, no such "continuing duty" may be found in the language of the rule. Our enforcement of the rule must be consistent with its language. We must take the rule as given, not as we wish it were. Candor requires the concession that the "continuing duty of inquiry" is not there. (553 So.2d at 1120.) [emphasis supplied]
To the extent the "Litigation Accountability Act of 1988" imposes a continuing duty on counsel, that Act had not become effective when the sanctions involved here were imposed by the lower court. See Miss. Code Ann. § 11-55-1 et seq. effective from and after July 1, 1988.
Both Broussard and Nationwide are dispositive of the issue concerning monetary sanctions imposed under Rule 11. The lower court's express application of a theory of continuing duty was erroneous as a matter of law. Therefore, the trial judge abused his judicial discretion in declining to grant relief from judgment under Rule 60(b).
As noted, under Rule 11, "[f]iling is that which triggers the possibility of sanctions." Bean v. Broussard, 587 So.2d at 912. The record before us fails to demonstrate that January and Howell, her attorney, knew of the lack of proximate cause at the time their complaint was filed. Given the posture of the official record and the clear application of an erroneous theory of continuing duty, Broussard and Nationwide require that we reverse and render the award of monetary sanctions under Rule 11.

B. Rule 37
The subject matter of Miss.R.Civ.P. Rule 37 is the failure to make or cooperate in discovery and the imposition of sanctions for failure to comply with an order providing for or permitting discovery. Rule 37(b) authorizes the trial court to require any party or his attorney, or both, failing to obey a discovery order, including an order compelling discovery, to pay the reasonable expenses, including attorney's fees, caused by said failure.
The trial court's imposition of sanctions dealt principally with Rule 11 and an award of attorneys' fees. As for Rule 37, monetary sanctions of $5000.00 imposed against Ms. January alone were later rescinded by the trial court following a discussion with counsel for Dr. Barnes concerning pyramiding damages. The trial judge found in his order imposing sanctions and again in the order denying relief under Rule 60(b) that the plaintiff and her attorney had not in good faith complied with or participated in discovery.
By virtue of 37(b), a failure to comply with "... an order to provide or permit discovery, including an order [compelling discovery]" is required. The present record demonstrates no such failure. Thus, the imposition of monetary sanctions cannot be upheld on this basis.
The single order to compel entered by the trial court did not grant all of the relief sought, dealt only with supplemental answers to five (5) former interrogatories, and was timely and substantially answered. No further motion regarding a failure to comply with discovery was ever filed by Barnes. Accordingly, we are compelled to reverse and render the imposition of monetary sanctions under Rule 37.

CONCLUSION
Ms. January was entitled to relief under Rule 60(b)(3) of the Mississippi Rules of Civil Procedure, and the trial court erred in refusing to grant it. We reverse and remand for further proceedings consistent with this opinion.
The decision of the trial court imposing monetary sanctions against the plaintiff and her lawyer under Rules 11 and 37 is reversed and rendered.
*923 REVERSED AND REMANDED IN PART, REVERSED AND RENDERED IN PART.
DAN M. LEE, P.J., and SULLIVAN J., join this opinion.
BANKS, J., concurs in results with separate written opinion.
HAWKINS, P.J., dissents with separate written opinion joined by PRATHER and PITTMAN, JJ.
ROY NOBLE LEE, C.J., not participating.
ROBERTS, J., not participating according to Supreme Court Internal Rules.

APPENDIX A

ORDER
This matter came before the Court on January's Petition for Rehearing, seeking reconsideration of this Court's order of March 29, 1989, dismissing the appeal in this matter. Notice of Appeal was filed in this matter on November 23, 1988, seeking appellate review of orders entered by the lower court on April 29, 1988, May 11, 1988, and November 14, 1988. After careful consideration, this Court finds that the Notice of Appeal as to the lower court orders of April 29, 1988, and May 11, 1988, was untimely filed and, therefore, the appeal of these two orders should be dismissed. This Court further finds that the Notice of Appeal as to the lower court order of November 14, 1988, denying post-trial motions filed pursuant to MRCP 60, was timely filed, and the appeal as to the November 14, 1988, lower court order should be reinstated. Therefore, the Petition for Rehearing is granted in part and denied in part and the appeal reinstated only as to the lower court's order of November 14, 1988.
SO ORDERED, this the 1st day of August, 1989.
 /s/ W. JOEL BLASS, JUSTICE
BANKS, Justice, concurring:
I agree completely with the majority as to the Rule 11 aspects of this case. As to Rule 60(b), I agree with Justice Hawkins that the affidavit in question is not newly discovered evidence within the meaning of Rule 60(b)(3). Miss.R.Civ.Pro. 60(b); Hawkins, dissenting, ante. Nevertheless, I concur with the result reached by the majority because, in my view, under the circumstances of this medical malpractice action complicated by the erroneous consideration of sanctions, it is understandable and excusable that there would be some delay in obtaining an affidavit indicating medical negligence following the unexpected testimony of plaintiff's initial medical expert. I would hold that under the unique circumstances presented here, Miss.R.Civ.Pro. 60(b)(6) provides an avenue for relief from manifest injustice. See Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir.1980).
HAWKINS, Presiding Justice, dissenting:
I concur with the majority that the failure to set aside the award of monetary sanctions imposed against the plaintiff and her lawyer under Rules 11 and 37 of the Mississippi Rules of Civil Procedure was an abuse of judicial discretion. With great deference to my colleagues, it is here that I part company.
The target of my disagreement is that portion of today's decision holding that the trial court's refusal to set aside summary judgment entered in favor of Dr. Barnes was an abuse of judicial discretion. In my view the majority, within the context of Miss.R.Civ.P. 60(b), has succeeded in making the exception, the rule; the extraordinary, ordinary; the rare, commonplace; the narrow, wide; and the logical, illogical. Cases must be decided on the basis of facts as they exist at the time of trial or hearing and not redecided as subsequent events occur.
I would affirm the imposition of summary judgment in favor of Dr. Barnes because Ms. January failed to demonstrate to the trial judge that (1) the subject matter *924 contained in the Chin affidavit was evidence discovered after trial which existed at the time of trial (or in this case at the time of summary judgment) and that (2) the evidence could not have been discovered sooner by the exercise of due diligence.
The Chin affidavit was not "newly discovered evidence" within the meaning and purview of Rule 60(b)(3) because it was not evidence of facts in existence at the time of the hearing on the motion for summary judgment. As such, it was "newly created" as opposed to "newly discovered" evidence. Moreover, Ms. January never supplied the trial judge with any explanation of due diligence.
While the majority finds a manifest abuse of judicial discretion in the refusal of the trial judge to consider the so-called "newly discovered evidence" contained in the Chin affidavit, I find a prudent exercise of judicial discretion which should not be disturbed by a reviewing Court. I feel the erroneous holding of the majority stems from a misperception of "newly discovered evidence" as contemplated by Rule 60(b)(3) and our established case law, both civil as well as criminal.
I must say at the outset that the scope of the analysis of Rule 60(b)(3) made by the majority, i.e., newly discovered evidence, perplexes me since Ms. January's reply brief reflects on page 2 and again on pages 10 and 11 that she relies exclusively on Rule 60(b)(6), i.e., any other reason justifying relief, to support the vitality of Dr. Chin's affidavit.
Without a doubt, however, the majority has declared the controversial Chin affidavit "newly discovered evidence" within the meaning and purview of Rule 60(b)(3). The majority has also found (1) "that Ms. January's failure to solicit Dr. Chin's expert opinion prior to the April 29, 1988, grant of summary judgment was excusable" and (2) "that Ms. January exercised due diligence in procuring the expert opinion of Dr. Chin." I cannot agree.
The majority, quoting from N.L.R.B. v. Jacob E. Decker & Sons, 569 F.2d 357, 365 (5th Cir.1978), correctly acknowledges that "newly discovered evidence" must be (1) evidence in existence of which a party was excusably ignorant, (2) discovered after trial (or in this case after summary judgment), and (3) facts implying the exercise of reasonable diligence in seeking to obtain the evidence before trial (or in this case before summary judgment) must be provided by the movant.
In the Decker case, the Court of Appeals for the Fifth Circuit succinctly pointed out "[t]hat the [newly discovered] evidence must be in existence at the time of the trial ..." Id., 569 F.2d at 364. The following supplemental language found in Decker is applicable to the facts confronting us:
The court in Prostrollo v. University of South Dakota, 63 F.R.D. 9, 11 (D.S.D. 1974), restated the principle and its rationale: "There can be no Rule 60(b)(2) relief for evidence which has only come into existence after the trial is over, for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials. `Newly discovered evidence' under Rule 60(b) refers to evidence of facts in existence at the time of the trial of which the aggrieved party was excusably ignorant." [Emphasis in original] See also State of Washington v. United States, 214 F.2d 33, 46 (9th Cir.1954). (Underscoring added)
See also Ulloa v. City of Philadelphia, 692 F. Supp. 481, 483-84 (E.D.Pa. 1988) ["The evidence must have been in existence at the time of the trial (or hearing upon which decision was based), and the movant must have been unable after some effort to have discovered such evidence in time to move for a new trial. * * * Cases must be decided on the law and facts as they exist at the evidentiary hearing or trial and not re-decided as later events occur ..."]. (Emphasis added)
The Decker decision, as I view it, is viable authority opposing, not supporting, the position taken by the majority. Not only was the Chin affidavit nonexistent at the time of summary judgment, it did not exist at the time Ms. January filed her 60(b) motion for rehearing. Rather, it was executed *925 well over three (3) months after the filing of her plea for relief.
In State of Mississippi, ex rel. Mississippi Bureau of Narcotics v. One (1) Chevrolet Nova Automobile, 573 So.2d 787, 789 (Miss. 1990), we reaffirmed our position that "[r]ule 60(b) of the Mississippi Rules of Civil Procedure is very nearly identical to rule 60(b) of the Federal Rules of Civil Procedure and as such this court will consider as authoritative federal constructions when determining what our construction of our rule ought to be." (Emphasis added)
It is clear to me that Ms. January failed to meet the burden of proof necessary to obtain the extraordinary relief available under Rule 60(b) because she neither demonstrated to the trial judge nor attempted to demonstrate: (1) that matters contained in the Chin affidavit constituted evidence discovered after trial (or in this case after summary judgment) which existed at the time of trial or (2) that she exercised diligence in seeking to obtain the evidence before trial or before summary judgment.
Dr. Barnes' motion for summary judgment was filed on April 8, 1988. Summary judgment was granted following a hearing conducted on April 29, 1988, during which Ms. January produced and relied upon the strength of an affidavit procured from Dr. Booker, her medical expert, several days after he was deposed by Dr. Barnes. The affidavit of Dr. Chin did not exist at the time of the hearing on the motion for summary judgment. To the contrary, Dr. Chin did not examine Ms. January's medical records until September 15, 1988, more than four (4) months after the ten (10) day time limit for filing a Rule 59 motion had expired on May 9, 1988, and nearly three and one-half (3 1/2) months after Ms. January filed her Rule 60(b) motion for relief on June 7, 1988.
Consequently, on the day of the hearing on the motion for summary judgment, Dr. Chin could not have formulated any opinion establishing causation since he did not even review the records forming a basis for that opinion until five (5) months after the hearing. In short, the Chin affidavit was not "newly discovered evidence" within the meaning and purview of Rule 60(b)(3) because it was not evidence of facts in existence at the time of the hearing on the motion for summary judgment. This is my first criticism of today's decision.
The target of my second criticism is the majorities' finding of due diligence. Ms. January never supplied the trial judge with any explanation of due diligence. The majority, quoting from Sullivan v. Heal, 571 So.2d 278, 281 (Miss. 1990), correctly acknowledges that "[a] party asking for a new trial on the ground of newly discovered evidence must satisfy the [trial] court that the evidence has come to his knowledge since the trial and that it was not owing to a want of diligence on his part that it was not discovered sooner." As recognized by the majority in its quotation from Decker, supra, "facts implying reasonable diligence must be provided by the movant." (Emphasis added)
The record reflects that during the Rule 60(b) hearing, the trial judge was acutely aware that it was incumbent upon Ms. January to convince the court that diligence had been exercised in procuring the Chin affidavit. Neither Ms. January nor her lawyer gave, or attempted to give, any explanation whatever for her failure to present the affidavit and its contents at an earlier time. Ms. January should have made some showing of why the opinion of her medical expert could not have been obtained in time for the hearing on the motion for summary judgment or, at the very least, obtained by May 9, 1988, the deadline for moving for a new trial under Rule 59(b).
This is especially true where, as here, Ms. January was put on notice of the deficiency in her case at least as early as April 1, 1988, when counsel for Dr. Barnes took Dr. Booker's deposition. The hearing on the motion for summary judgment was not conducted until April 29, 1988, almost a month later. Even though Ms. January, on April 1, was aware, or should have been aware, of a problem in obtaining favorable testimony from her medical expert, she *926 never advised the trial judge of her dilemma. Rather, she procured a last minute affidavit from Dr. Booker and elected to sink or swim during the summary judgment hearing on the strength of that affidavit. Although aware of the serious flaw in her proof, Ms. January also entered into and signed a pretrial order on April 29 reflecting her reliance upon Dr. Booker's deficient expert testimony.
It is significant to me that Ms. January never claimed she was surprised by Dr. Booker's position, never requested a continuance or sought additional time in which to procure the affidavit of another expert, and never informed the trial judge at any time that she was searching diligently, if searching at all, for a new medical expert. See Terrell v. Rankin, 511 So.2d 126 (Miss. 1987).
Months later, out of the blue, the trial judge was presented, within the context of a motion for relief from judgment filed under Rule 60(b), with a new opinion affidavit which did not come into existence until more than four (4) months after the imposition of summary judgment and which was not presented to the court until the rehearing itself, conducted seven (7) months after the imposition of summary judgment. I am hard pressed under these circumstances to see how any relief was due. Certainly no abuse of judicial discretion has been demonstrated in this case.
It was incumbent upon Ms. January to inform the court, under the trustworthiness of the official oath, that she could not, with the exercise of due diligence, have found the evidence in time for the hearing on the motion for summary judgment. We require no less in a criminal case where a defendant requests a motion for new trial on the ground of newly discovered evidence.
In Shelby v. State, 402 So.2d 338, 340-41 (Miss. 1981), we provided the criteria for newly discovered evidence:

A motion for new trial on the ground of newly-discovered evidence must be supported by an affidavit of the defendant and her attorney that diligence was exercised with reference to discovered of the evidence and that the evidence was unknown to them at the time of trial. The court must be satisfied that (1) the evidence came to the defendant's knowledge since trial, (2) the evidence could not have been discovered sooner by diligence, and (3) such evidence would probably produce a different result, if a new trial were granted. Stewart v. State, 203 Miss. 295, 33 So.2d 787 (1948). (Emphasis in original)
See also Gaston v. State, 562 So.2d 61, 63 (Miss. 1990); Rule 5.16(3) Miss.Unif.Crim. R.Cir.Ct.Prac. (1979). In short, Ms. January failed to negate the idea the evidence could not have been discovered sooner by the exercise of due diligence.
Prudence requires a word or two about relief available under Rule 60(b) and about this Court's review of a denial of that relief. Motions for relief from judgment filed pursuant to Rule 60(b) are generally addressed to the sound discretion of the trial judge, and appellate review is limited to whether that discretion has been abused. Overbey v. Murray, 569 So.2d 303 (Miss. 1990); Stringfellow v. Stringfellow, 451 So.2d 219 (Miss. 1984).
"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and ... neither ignorance nor carelessness on the part of an attorney will provide grounds for relief." Stringfellow v. Stringfellow, supra, 451 So.2d at 221. It is not an "escape hatch" or a "long arm" for lawyers and litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. Rather, "Rule 60(b) is designed for the extraordinary, not the commonplace. [It] is the functional equivalent of an application for post-conviction relief." Bruce v. Bruce, 587 So.2d 898, 904 (Miss. 1991). See also State of Mississippi, ex. rel. Mississippi Bureau of Narcotics v. One (1) Chevrolet Nova Automobile, supra; King v. King, 556 So.2d 716 (Miss. 1990). Rule 60(b) should not be used as a vehicle to perpetuate litigation.
*927 In other words, relief under Rule 60(b) is the exception and not the rule. This Court "proceed[s] on the assumption that the trial court has entered a valid and enforceable judgment which has become final." Bruce v. Bruce, supra, 587 So.2d at 904.
We should also keep firmly in mind that our review is limited solely to whether or not the trial judge clearly abused his judicial discretion in denying Ms. January's Rule 60(b) motion. A solid definition of judicial discretion is found in Bowman v. Hall, 83 Ariz. 56, 316 P.2d 484, 486 (1957), as follows:
Discretion of court is a liberty or privilege allowed to a judge, within the confines of right and justice, to decide an act in accordance with what is fair, equitable, and wholesome, as determined by the peculiar circumstances of the case, and as discerned by his personal wisdom and experience, guided by the spirit, principles, and analogies of the law, to be exercised in accordance with a wise, as distinguished from a mere arbitrary, use of power, and under the law.
"The term `discretion' contemplates a process of reasoning which depends on facts that are in the record or are reasonably derived by inference from the record, and yields a conclusion based on logic and founded on proper legal standards." Shuput v. Lauer, 109 Wis.2d 164, 325 N.W.2d 321, 328 (1982).
I am certainly not prepared to say under the circumstances of this case the trial judge abused his judicial discretion in declining to consider the Chin affidavit and in denying relief under Rule 60(b). The facts remain that Dr. Chin's affidavit was not offered prior to the entry of summary judgment; no explanation whatever was proffered for the failure to present that affidavit or its contents at an earlier point in time; no continuance was requested; and January failed to demonstrate that evidence of the facts asserted in the affidavit existed at the time of the hearing on the motion for summary judgment. Accordingly, the Chin affidavit does not and cannot, within the meaning and purview of Rule 60(b), qualify as "newly discovered evidence." The filing of January's papers within the six (6) month time frame prescribed by Rule 60(b) avails nothing if none of the six (6) limited reasons contained in 60(b)(1) through (6) are found to exist.
Our decision today transforms Rule 60(b) into an escape pod for dilatory plaintiffs. Regrettably, it can only serve to perpetuate the continuation of all lawsuits. There will be no finality to any final judgment, summary or otherwise, because new opinion evidence, camouflaged as "newly discovered evidence," will entitle the movant to relief under Rule 60(b)(3). This was precisely the concern of the Court of Appeals for the Fifth Circuit in Decker, supra, where Charles Clark, Circuit Judge, opined: "There can be no Rule 60(b)(2) relief for evidence which has only come into existence after the trial [or in this case after summary judgment], for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials." 569 F.2d at 364.
The message we are sending is loud and clear. A losing party has six (6) months to regroup after the entry of final judgment which, by virtue of today's decision, is not so final. All the losing litigant has to do following an adverse judgment is to file a 60(b) motion for relief from that judgment, go forth and procure a new expert opinion to replace the defective opinion and on the day of the hearing march triumphantly into court and present the new affidavit with full expectations the order of summary judgment will be reversed and the case reinstated. This result will be reached even though the 60(b) movant has never explained to the trial judge why the "new opinion evidence" could not have been obtained in time for trial or hearing, even though the movant has offered no proof that such evidence could not have been obtained with the exercise of due diligence, and even though evidence of the new found facts was not in existence at the time of trial or summary judgment.
In light of today's decision, a panacea for plaintiffs but a defendant's dilemma, I can only conclude that Rule 60(b), portions of which have been called a "grand reservoir *928 of equitable power," is neither grand nor equitable.
PRATHER and PITTMAN, JJ., join this opinion.
NOTES
[1] One of January's chief complaints is that the circuit judge abused his judicial discretion by failing to consider the affidavit of Dr. Chin.
[2] The entire content of the Court's August 1, 1989 order is set out in Appendix A.