GRAVES, Presiding Justice,
Concurring in Part and in Result:
¶ 22. The majority resolves this appeal by deciding only the second issue raised by Bolden’s estate because it deems this issue dispositive of the appeal. As a practical matter, I do not agree that the second issue is dispositive. Therefore, I am compelled to write separately.
¶ 23. The majority states that “we choose not to address whether the trial court erred in excluding the plaintiffs experts.” The majority further states that “[ijnstead, we direct that, upon remand, the parties shall be allowed to supplement their discovery responses with respect to expert witnesses.” This directive is tantamount to a finding that the discovery responses in question are deficient and, accordingly, must be supplemented. However, in making this finding and reaching its conclusion, the majority ignores the fact that, if a party believes that an opponent’s discovery responses are deficient, the appropriate vehicle through which that party may seek relief is a motion to compel. See Miss. R. Civ. P. 37.
¶ 24. The defendants in this case did not file a motion to compel. Instead, the defendants filed a motion to strike Bol-den’s expert designations for failure to comply with Rule 26(b)(4). The defendants argued that Bolden had “not provided ‘the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.’” See Miss. R. Civ. P. 26(b)(4)(A)®. Bolden filed a response in which he stated that the medical experts designated were Bolden’s treating physicians and that they had not provided expert opinions beyond those reflected in Bolden’s medical records. Bolden maintained that he had complied with Rule ’26(b)(4) and further argued that if the trial court decided to strike his expert designations, then the trial court should also strike the defendants’ expert designations[6] because the defendants’ experts had not examined Bol-den or produced any medical records, reports, opinions, or curricula vitae. The trial court decided to strike both parties’ expert designations for failure to comply with Rule 26(b)(4). The trial court did not elaborate any further on its rationale for its decision to strike the expert designations.
¶ 25. Mississippi Rule of Civil Procedure 37 sets out the proper procedure to follow when a party finds that another party’s discovery response is inadequate. The party dissatisfied with the discovery response may file a motion to compel with the trial court. Miss. R. Civ. P. 37(a)(2). If the trial court decides to grant the motion to compel and the party whose conduct necessitated the motion fails to comply with the court’s order, then the trial court may determine what sanctions, if any, are just and appropriate. Miss. R. *1075 Civ. P. 37(b)(2). The comment to Rule 37 states, in relevant part:
The statutory rule requires that each failure to respond to a discovery request be dealt with by a separate motion; the successful result to the first motion is usually an order to comply with the discovery request. Sanctions customarily are not imposed until after there has been a refusal to comply with a second order.
Miss. R. Civ. P. 37 cmt. This Court has held that Rule 37 details the proper procedure for obtaining satisfactory discovery responses. See, e.g., Caracci v. Int’l Paper Co., 699 So.2d 546, 557 (Miss.1997); Ford Motor Co. v. Tennin, 960 So.2d 379, 393 (Miss.2007). In Caracci, this Court stated:
Under our rules of civil procedure, failure to make or cooperate in discovery should first be resolved by making a motion in the proper court requesting an order compelling such discovery. See M.R.C.P. 37(a)(2). The remedy for failing to comply with the discovery requests when the trial court grants an order to compel falls under M.R.C.P. 37(a)(4) in the form of awarding the moving party the expenses for such motion. See M.R.C.P. 37; January v. Barnes, 621 So.2d 915, 922 (Miss.1992). After such an order to compel has been granted under M.R.C.P. 37(a)(2), and the party ordered to answer fails to respond, then the remedy may be sanctions in accordance with M.R.C.P. 37(b). See 8 Wright & Miller, Federal Practice and Procedure: Civil § 2050 (1970).
Caracci, 699 So.2d at 557. The defendants in Caracci waited until trial to object to the plaintiffs discovery violations and asked the trial court to deny expert testimony as a sanction. Id. This Court stated that the defendant “was required to ask the circuit court to compel Caracci [i.e., the plaintiff] to comply with discovery requests.” Id. This Court went on to find that the trial court abused its discretion by granting the defendant’s request to exclude the testimony because the sanction was overly harsh. Id. at 558-59.
¶ 26. As in Caracci, the procedure set out in Rule 37 was not followed in this case. Instead of filing a motion to compel an adequate response to their interrogatory seeking information regarding Bolden’s experts, the defendants filed a motion to strike Bolden’s expert designations, presumably as a sanction for Bolden’s failure to provide discovery responses to the defendants’ satisfaction. Bolden then filed a response, in which he asked that the trial court strike the defendants’ expert designations if it chose to strike his expert designations. The trial court decided to strike both parties’ expert designations without first ordering either party to comply with the other parties’ discovery requests. This Court reviews a trial court’s decision regarding sanctions for discovery violations for an abuse of discretion. See, e.g., Jones v. Jones, 995 So.2d 706, 711 (Miss.2008) (citing Tinnon v. Martin, 716 So.2d 604, 611 (Miss.1998)). The trial court abused its discretion by failing to follow the proper procedures set out in Rule 37.
¶27. Because the trial court did not follow the proper procedures regarding discovery-related sanctions set out in Rule 37, findings four and five of the trial court’s Order Granting and/or Denying the Parties’ Various Motions, dated April 27, 2007, granting both parties’ motions to strike, should be vacated. Upon remand, I would order that discovery be reopened and that, if the defendant maintains that the discovery response is deficient, then the defendant shall file a motion to compel. Further, if the defendant wishes to designate experts, then it may.
*1076 KITCHENS, CHANDLER AND PIERCE, JJ., JOIN THIS OPINION IN PART.

. It appears from the record that the defendants never actually designated any experts. When the defendants moved to strike Bol-den's experts, they also requested an extension of time to designate defense experts.