# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-IA-00880-SCT

*BRETT LORENZO FAVRE AND DANIEL J. KOEVARY*

*v.*

*MISSISSIPPI DEPARTMENT OF HUMAN SERVICES*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/11/2024 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MICHAEL JAMES BENTLEY |
| | DANIEL JAMES KOEVARY |
| | MICHAEL JACOB SHEMPER |
| | ERIC DANIEL HERSCHMANN |
| | DANIEL RICHARD BENSON |
| | PAUL JOHN BURGO |
| ATTORNEYS FOR APPELLEE: | KAYTIE MICHELLE PICKETT |
| | STEPHEN FRIEDRICH SCHELVER |
| | ADAM STONE |
| | CLARENCE WEBSTER, III |
| | ABBEY ADCOCK REEVES |
| | KRISTINE LYNN BISHOP CALLAHAN |
| | DAKOTA JAMES STEPHENS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | VACATED AND REMANDED - 06/04/2026 |

MOTION FOR REHEARING FILED:

**BEFORE KING, P.J., COLEMAN, P.J., AND SULLIVAN, J.**

**COLEMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The instant matter is an interlocutory appeal of Rule 11 sanctions against Brett Favre's attorney Daniel J. Koevary. Koevary is one of several attorneys admitted *pro hac vice* to represent Favre in the underlying matter. Koevary signed three motions filed on Favre's

behalf. The trial court not only denied the three motions but in the same order sanctioned Koevary *sua sponte*. Citing Mississippi Rule of Civil Procedure 11, the court found the motions were filed for the purpose of harassment and delay. In addition to ordering Koevary to pay the costs associated with defending the three motions, the court prohibited him from further appearing in the matter or filing any future pleadings. Instead, the court directed Favre's local counsel to sign all future filings.

¶2. While Rule 11 does authorize the trial court to discipline attorneys, it must do so with due process concerns in mind. Favre and Koevary were entitled to notice and an opportunity to respond before such a severe disciplinary measure could be imposed, and that did not happen here. No show cause notice was issued. Nor was Koevary asked to appear at a hearing or submit a brief to defend against the assertion that he filed motions for the purpose of harassment and delay. Given the lack of due process, the sanctions order should not stand.

¶3. We vacate the portion of the order imposing sanctions and remand the case for further proceedings.

**Background Facts & Procedural History**

¶4. The alleged misappropriation of millions of dollars in federal welfare funds has spawned several lawsuits, including the case *sub judice*, which involves the Mississippi Department of Human Services and its attempt to recoup some allegedly misappropriated funds from multiple people and entities, including Brett Favre. Notably, Favre has also filed a separate defamation lawsuit against State Auditor Shad White based on statements White

2

has made about Favre in connection with the welfare scandal. Favre's defamation suit is also pending in Hinds County Circuit Court but is before a different judge.

¶5.     In both matters, Favre has retained non-Mississippi attorneys admitted *pro hac vice*, including, among others, Koevary. In the instant case, Favre filed a series of motions from April to June 2024 connected to Judge Peterson's sealing discovery materials. Two of the motions were aimed at White and White's attorney in the defamation matter, James Bobo. Favre accused White, who is not a party here, of violating Judge Peterson's sealing order by filing in the defamation case discovery documents that were not sealed. Favre filed a motion for a show cause order against White and Bobo. He also filed a motion for an expedited hearing and for another show cause order based on the additional public filing in the defamation case of discovery materials.

¶6.     The third motion concerned a discovery dispute between Favre and the Department. Favre asked the court to vacate or at least reconsider an order sealing exhibits in which the court had announced it would review in camera two documents the Department claimed to be privileged.

¶7.     The trial court disposed of all three motions in a single order. The court denied the two show-cause motions because White is not a party. The court said it had no opinion on the use of information from the instant case in other litigation. The court also denied the motion to vacate. In doing so, the court expressed concern about the motion, in particular because the motion "cited non-binding case law from around the country and made baseless and offensive arguments." In the trial court's view, the motion had suggested the trial court

3

had committed an ethical violation by allowing in camera view. Further, the motion implied that the court had failed to consider Favre's arguments opposing the in camera-review order.

¶8. After addressing and denying Favre's three motions, the order imposed Rule 11 sanctions and restrictions on Koevary's *pro hac vice* status. The court held Favre's recent filings rose to the level of sanctionable Rule 11 conduct because they had been filed for the purpose of harassment and delay. In particular, the court determined the filings failed to comply with electronic-filing rules concerning sensitive information. The filings also ignored the court's previous order about the sealed exhibits in which the court expressly stated it would not be drawn into other litigation, *i.e.*, Favre's separate lawsuit against White. Finally, the motions demanded hearings on matters unrelated to the current litigation and outside the court's jurisdiction.

¶9. The trial judge ruled the appropriate sanctions were to remove Koevary from her courtroom and to bar him from filing. Her order required all Favre's future filings to be signed by his local counsel. The order also directed Koevary to pay the costs and expenses of defending the three motions.

¶10. Favre and Koevary immediately appealed by filing both a notice of appeal under Rule 4 and a petition for permission to file an interlocutory appeal under Rule 5. *See* Miss. R. App. P. 4 (governing appeals of right of final decisions); Miss. R. App. P. 5 (governing interlocutory appeals). While an order sanctioning an attorney is appealable, it is only so after the amount of attorneys' fees and costs is determined. *Cf.* ***Wilton Acquisitions Corp. v. First Methodist Church of Biloxi***, 85 So. 3d 319, 324 (Miss. Ct. App. 2012) (holding

sanctions order dismissing case was not final and appealable because attorneys' fees issue remained pending). In the instant case, the trial court had yet to address the amount of costs and fees. Order, *Favre v. Miss. Dep't of Hum. Servs.*, No. 2024-SA-00913-SCT (Miss. Dec. 17, 2024). Accordingly, we dismissed the Rule 4 appeal as premature, but the Court, en banc, granted Favre and Koevary's petition for permission to proceed on interlocutory appeal of the sanctions order.

## Discussion

¶11. While Favre and Koevary make several arguments on interlocutory appeal, their first contention, that the trial court's sua sponte sanctions order denied them due process, is dispositive. Whether, in a particular case, due process has been met is a question of law we review *de novo*. *Akins v. Miss. Dep't of Revenue*, 70 So. 3d 204, 208 (Miss. 2011) (quoting *J.C.N.F. v. Stone Cnty. Dep't of Hum. Servs.*, 996 So. 2d 762, 770 (Miss. 2008)). After review, we hold that Favre and Koevary were denied due process, we vacate the sanctions order, and we remand the case to the circuit court for further proceedings.

¶12. To begin, Koevary, as a condition to his *pro hac vice* admission, is bound by Rule 11. Miss. R. App. P. 46(d). Rule 11 clearly gives the trial court authority to sanction violative conduct. Rule 11(b) subjects an attorney to disciplinary action for any "wilful violation of this rule[,]" including "fil[ing] a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay[.]" Miss. R. Civ. P. 11(b). In addition, "[a] court has the inherent power to impose sanctions in order to protect the integrity of the judicial process." *Barrett v. Jones, Funderburg, Sessums, Peterson & Lee,*

*LLC*, 27 So. 3d 363, 370 (Miss. 2009) (citing *Wyssbrod v. Wittjen*, 798 So. 2d 352, 368 (Miss. 2001)); *see also* ***Ladner v. Ladner***, 436 So. 2d 1366, 1370 (Miss. 1983) (recognizing the a court's inherent power to sanction).

¶13.    If a trial court exercises either its Rule 11 disciplinary authority or its inherent power to sanction an attorney, it must comply with due-process requirements.  ***Chambers v. NASCO, Inc.***, 501 U.S. 32, 50 (1991) (cautioning that a court's exercise of the inherent power to sanction "must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees"); ***Thomas v. Cap. Sec. Servs., Inc.***, 836 F.2d 866, 878 n.17 (5th Cir. 1988) (recognizing "that due process considerations arise" with Rule 11 sanctions); *cf.* Order, ***In re Smith***, No. 2016-M-01013-SCT (Miss. Sept. 29, 2016) (vacating order disqualifying district attorney for lack of due process).

¶14.    Indeed, the Court has written  that "Rule 11 sanctions should *never* be imposed until the trial court has heard fully the evidence and law which the party to be sanctioned says will negate a finding of frivolousness."  ***Nationwide Mut. Ins. Co. v. Evans***, 553 So. 2d 1117, 1122 (Miss. 1989) (emphasis added).  The same principle applies to a trial court's finding that a filing was made for the purpose of harassment or delay—the attorney must be given notice and a meaningful opportunity to present evidence that would negate such a finding.

¶15.    That did not happen here.  It appears from the record that Favre and Koevary had *no notice* that the trial court was considering imposing sanctions—let alone barring Koevary from filing.  Nor were they given the opportunity to face the charge that the motions in question violated Rule 11, either by briefing the issue or appearing before the trial court.

6

¶16.    Instead, the circumstances appear similar to what happened in *In re Smith*. There, the Hinds County Circuit Court entered an order temporarily disqualifying Hinds County District Attorney Robert Schuler Smith without giving Smith notice or a meaningful opportunity to be heard. Order, *In re Smith*, No. 2016-M-01013-SCT (Miss. Sept. 29, 2016). The Court vacated the order because it violated Smith's due-process rights. *Id.*; *see also Evans*, 553 So. 2d at 1122 (reversing the imposition of Rule 11 sanctions that were solely based on the trial court's "out of the blue" announcement that a pleading had been frivolous).

¶17.    Here, the Hinds County Circuit Court *sua sponte* barred Koevary from further appearing in the matter; by extension, the court also barred any other out-of-state counsel from signing Favre's pleadings. Because Favre and Koevary were not put on notice and given a meaningful opportunity to respond, we vacate the portion of the trial court's order imposing Rule 11 sanctions, and we remand the case for further proceedings that afford Favre and Koevary due process. Favre and Koevary's pending motion for Permission to File Exhibit 11 to the Petition Under Seal is dismissed as moot.

¶18.    **VACATED AND REMANDED.**

**RANDOLPH, C.J., KING, P.J., ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**

7